UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY A. ESSICK, SR.,

    Plaintiff,

v.                                    Case No. 8:14-cv-1658-T-33TBM

FIDELITY NATIONAL INFORMATION
SERVICES, INC., ET AL.,

    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Defendants Fidelity National Information Services, Inc. and Certegy, Inc.'s Motion to Reassign Divisions (Doc. # 7), filed on August 1, 2014. For the reasons that follow, the Court grants the Motion.

## Discussion

Plaintiff Gregory A. Essick, Sr., initiated this action on July 7, 2014, alleging violations of Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 2000, *et seq.* and violations of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq*. (Doc. # 1). The Complaint alleges that "Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the [D]efendants either reside in or maintain a place of

business in this District, because a substantial part of the events and omissions giving rise to the claims herein occurred in this District, and because the discrimination complained of in this action occurred in this [D]istrict." (Id. at 5). However, the Complaint is devoid of any allegation explaining the appropriateness of litigating this action in the Tampa Division of the Middle District of Florida.

On August 1, 2014, Defendant filed the present Motion requesting that this case be reassigned to the Jacksonville Division of the Middle District of Florida pursuant to Local Rule 1.02(c), which states "All civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." See Local Rule 1.02(c), M.D. Fla.

Although Defendants concede that this action is appropriately within the Middle District of Florida, they contend that "the Complaint incorrectly avers that this case has been properly instituted with the Tampa Division." (Doc. # 7 at 5). Specifically, Defendants state:

> [T]he Complaint accurately alleges that the Defendants have their principal place of business

> in Jacksonville, Duval County, Florida. As such, most, if not all, relevant documents concerning this matter and witnesses with information relevant to this case are located in Jacksonville.
>
> * * *
>
> Furthermore, the Complaint alleges that Plaintiff worked for [Defendants] from 2001 through early 2007. The Complaint's allegations imply, and records reflect, that Plaintiff resided in Jacksonville, Duval County, Florida at all times while employed by the Defendants. Consequently, the purported discrimination and retaliation alleged in the Complaint would have occurred in Jacksonville; not in any of the counties falling within the purview of the Tampa Division.
>
> The only connection in the Complaint with the Tampa Division comes from Exhibit "B," i.e., the St. Petersburg, Florida address listed in the letterhead of the termination notice [Defendants] sent to Plaintiff on July 24, 2006. . . . Moreover, even if the original filing was arguably "proper" in the Tampa Division, the case should nonetheless be reassigned to the division of this Court which has the greatest nexus to the proceedings.

(Id. at 5-6)(internal citations omitted).

On August 4, 2014, this Court truncated the time in which Plaintiff had to file a response to the Motion. (Doc. # 8). As a result, Plaintiff's response as to why this case should not be reassigned to the Jacksonville Division of the Middle District of Florida was due by August 7, 2014. Plaintiff filed a response on August 7, 2014, indicating that he "agrees that

3

the instant action should be transferred to the Jacksonville Division of the Middle District of Florida." (Doc. # 9).

Upon review of the Complaint, and considering the Motion as unopposed by Plaintiff, this Court determines that it is the Jacksonville Division, rather than the Tampa Division, which has the "greatest nexus" with this case. See <u>Faller v. Faller</u>, No. 8:10-cv-2302-T33AEP, 2010 U.S. Dist. LEXIS 134496 (M.D. Fla. Dec. 10, 2010)(reassignment from Tampa Division to Ft. Myers Division appropriate because of greater connection to the case). None of the parties reside within the Tampa Division,[1] and the subject matter of the litigation is not located in the Tampa Division. It is undisputed that the only nexus between this cause and the Tampa Division is the St. Petersburg address listed in the letterhead of the termination notice Defendants sent to Plaintiff.  While this is a relevant factor in the Court's Rule 1.02(c) analysis, it succumbs to the other factors described above, each weighing in favor of a transfer to the Jacksonville Division.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

---

[1]   According to the Motion, Plaintiff currently works in the Raleigh-Durham, North Carolina area. (Doc. # 7 at 6).

4

(1) Defendants Fidelity National Information Services, Inc. and Certegy, Inc.'s Motion to Reassign Divisions (Doc. # 7) is **GRANTED**.

(2) The Clerk is directed to transfer this case to the Jacksonville Division of the Middle District of Florida.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record