**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GREGORY A. ESSICK, SR.,

                    Plaintiff,

vs.                                                Case No.  3:14-cv-949-J-34JRK

FIDELITY NATIONAL INFORMATION
SERVICES, INC., and CERTEGY, INC.,

                    Defendants.
_____/

# O R D E R

 **THIS CAUSE** is before the Court on Defendants Fidelity National Information

Services, Inc. and Certegy, Inc.'s Motion to Dismiss Plaintiff's Complaint, Motion to Reassign

Divisions, and Supporting Memorandum of Law (Doc. 7; Motion).  Plaintiff initiated the instant

action on July 7, 2014, by filing a two-count Complaint alleging claims of discrimination

(Count I) and retaliation (Count II) under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e et seq., and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01, et seq.  See

Complaint (Doc. 1; Complaint).  On August 1, 2014, Defendants filed the instant Motion,

requesting that the Court dismiss the Complaint because it is an impermissible shotgun

pleading and that the Court reassign the case to the Jacksonville Division of the Middle

District of Florida.  See generally Motion.  The Honorable Virginia M. Hernandez Covington,

United States District Judge, Middle District of Florida, Tampa Division, granted the Motion

to the extent the Clerk of Court was directed to transfer to the case to the Jacksonville

Division of the Middle District of Florida (Doc. 10).  Thereafter, on August 15, 2014, Plaintiff

filed Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 7] and

Incorporated Limited Memorandum of Law (Doc. 12; Response).  Accordingly, the matter is ripe for review.

Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.  See id.  Here, Count II, which alleges a claim of retaliation, incorporates by reference all allegations of Count I, which alleges a claim of discrimination. See Complaint at 10, 11.  Plaintiff contends that because "the allegations, the prima facie cases, and the statutes themselves are either the same or highly interrelated[,] . . . no irrelevant factual allegations or legal conclusions have been made and incorporated into unrelated successive counts, as would be the concern for the Court."  Response ¶ 12. However, it is precisely because Plaintiff's discrimination and retaliation claims are "highly interrelated" that Plaintiff must identify which acts are allegedly discriminatory and which acts are allegedly retaliatory.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer

recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).  Thus, the Court will grant the Motion to the extent it seeks dismissal because the Complaint is an impermissible shotgun pleading.

Accordingly, it is **ORDERED**:

1. Defendants Fidelity National Information Services, Inc. and Certegy, Inc.'s Motion to Dismiss Plaintiff's Complaint, Motion to Reassign Divisions, and Supporting Memorandum of Law (Doc. 7) is **GRANTED**, to the extent it seeks dismissal because the Complaint is an impermissible shotgun pleading.

2. The Complaint (Doc. 1) is **DISMISSED, without prejudice**.

3.      Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **September 2, 2014**.  Failure to do so may result in a dismissal of this action.

4.      Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on August 18, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record